ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| EDUARDO MELÉNDEZ VELÁZQUEZ, ADLIN RAMOS MERCADO<br><br>RECURRIDOS<br><br>v.<br><br>ROBERTO VIQUEIRA RÍOS, FULANA DE TAL, ASEGURADORA XYZ Y OTROS<br><br>PETICIONARIO | KLCE202500150 | *Certiorari p*rocedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil Núm.: YU2021CV00249<br><br><br><br>Sobre: Daños por vicios de Construcción |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de marzo de 2025.

Comparece el señor Roberto A. Viqueira Ríos (Sr. Viqueira Ríos), la señora Moshayra Vicente (Sra. Vicente) y la sociedad de bienes gananciales compuesta por ambos (en conjunto, parte demandada-peticionaria) mediante la presente *Petición de Certiorari*, y nos solicitan que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, el 4 de febrero de 2025. En el aludido escrito, el foro primario autorizó una prórroga de veinte (20) días para la entrega de unos informes periciales.

Adelantamos que, por los fundamentos que exponemos a continuación, denegamos expedir el auto de *certiorari*.

**I**

El 20 de mayo de 2021, se presentó una *Demanda* sobre daños y perjuicios, incoada por el señor Eduardo Meléndez Velázquez (Sr. Meléndez Velazquez), la señora Adlin Ramos Mercado (Sra. Ramos Mercado) y la sociedad de bienes gananciales compuesta por ambos (en adelante, parte demandante-recurrida) contra el Sr. Viqueira Ríos, la Sra.

Vicente y la sociedad de bienes gananciales compuesta por ambos.[1] En el referido escrito, alegaron que para el mes de agosto de 2020 sus vecinos, la parte demandada, comenzaron una construcción en el patio de la propiedad de estos últimos. Arguyeron que, como parte de esta construcción, la parte demandada realizó diferentes acciones que le causaron daños estructurales a su propiedad. Del mismo modo, adujeron que debido a este incidente han sido víctima de un patrón de alteración a la paz por parte de los demandados que ha dificultado el uso y disfrute de su propiedad.

Según se desprende del legajo judicial, la parte demandada alegó que el 17 de enero de 2022 le cursó a la parte demandante un *Interrogatorio Preliminar y Solicitud de Producción de Documentos*, en el cual solicitó, entre otras cosas, copia de toda evidencia pericial que pretendía utilizar o no en el juicio.[2] Por otro lado, la parte demandada adujo que el 4 de mayo de 2022 se llevó a cabo una inspección en la propiedad de la parte demandante.[3] En esta inspección comparecieron la parte demandante, la parte demandada, el presunto perito Ingeniero y la abogada y notaria Ciamara Román Pagán.

El 24 de mayo de 2022, la parte demandada presentó una *Réplica a "Moción en solicitud de renuncia a representación legal"*.[4] En lo que concierne a la controversia de este recurso, la parte demandada solicitó la entrega del Informe o Acta de la inspección realizada el 4 de mayo de 2022 dentro del término de quince (15) días.[5]

Por otro lado, mediante un escrito extrajudicial con fecha del 16 de junio de 2022, la parte demandada solicitó a la parte demandante que suplementara o contestara conforme a derecho las respuestas realizadas

---

[1] Apéndice de *Petición de Certiorari*, págs. 1-3.
[2] *Id.* págs. 4-9. Tomamos conocimiento judicial de la **Entrada Núm. 39** del Caso **YU2021CV00249** del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[3] Véase, Apéndice de *Petición de Certiorari*, págs. 84-85.
[4] *Id.* págs. 22-23.
[5] *Id.* pág. 23.

al pliego de interrogatorio cursado.[6] En cuanto a la respuesta número cinco (5), la parte demandada expresó una objeción como sigue:

> Las respuestas brindadas por cada uno de los demandantes son evasivas y no contestan adecuadamente la pregunta hecha. La parte demandante notificó un grupo pequeño de documentos, sin índice, sin enumerar, sin especificar, ni hacer referencia a qué, para qué o con qué propósito o qué pregunta es la que pretende contestar con cada documento.[7]

Así las cosas, el 23 de junio de 2022, la parte demandante presentó una *Moción informativa sobre entrega de Acta Notarial*.[8] En el referido escrito, la parte demandante acreditó haber hecho entrega a la parte demandada del acta notarial sobre la inspección llevada a cabo el 4 de mayo de 2022.

El 24 de junio de 2022, la parte demandada presentó una *Moción informativa*.[9] En síntesis, reafirmó que no ha obtenido una copia del informe de la inspección realizada el 4 de mayo de 2022.

Nuevamente, el 20 de junio de 2022 y el 14 de septiembre de 2022, la parte demandada presentó la *Moción solicitando remedio adecuado* y la *Moción para que se ordene descubrir lo solicitado en nuestro "interrogatorio preliminar y solicitud de producción de documentos"*.[10] En síntesis, requirieron la entrega, por la parte demandante, del informe de la inspección.

Luego, el 4 de octubre de 2022 la parte demandante presentó su *Moción en solicitud de prórroga*.[11]

El 7 de febrero de 2023 la parte demandada presentó su *Moción objetando contestación a interrogatorio*.[12] En esencia, la parte demandada reafirmó las objeciones realizadas en el escrito con fecha del 16 de junio de 2022 sobre las contestaciones realizadas por la parte demandante, incluyendo la contestación de la pregunta número cinco (5).

---

[6] Apéndice de *Petición de Certiorari*, págs. 24-37.
[7] *Id.*, pág. 27
[8] *Id.* págs. 38-39.
[9] *Id.* págs. 40-41.
[10] *Id.* págs. 42-45; 46-64.
[11] *Id.* págs. 65-66.
[12] *Id.* págs. 67-83.

Del mismo modo, el 10 de febrero de 2023, la parte demandada presentó una *Moción solicitando remedio adecuado urgente*.[13] En el referido escrito, hizo un recuento sobre el tracto procesal y los requerimientos realizados para obtener copia del informe pericial de la inspección. Por tal razón, solicitó que la parte demandante notificara el informe pericial dentro de un término de cinco (5) días.

El 1 de noviembre de 2024, la parte demandada cursó un escrito extrajudicial a la parte demandante para atender algunos asuntos pendientes.[14] Entre estos asuntos, requirió el informe de inspección de la propiedad.

El 15 de noviembre de 2024 se celebró una Vista de Estado de los Procedimientos, en la cual se mencionó por la parte demandada que todavía no se le había entregado el informe de la inspección de la propiedad y que estaba realizando gestiones extrajudiciales antes de solicitar un remedio al foro primario.[15] Por otro lado, la parte demandante expresó que referente al informe de la inspección, se comunicaría con la parte demandada para informarles sobre su estatus. El foro primario estableció hasta el 14 de enero de 2025 para que las partes culminaran el descubrimiento de prueba.

Nuevamente, el 10 de diciembre de 2024, la parte demandada cursó un escrito extrajudicial a la parte demandante en el cual reafirma que no ha obtenido el informe de inspección de la propiedad.[16]

El 13 de enero de 2025, la parte demandada presentó una *Moción solicitando orden*.[17] En el aludido escrito, adujo que todavía no se había descubierto y/o notificado los informes periciales sobre la propiedad. Alegó que a pesar de que le ha solicitado en reiteradas ocasiones el informe a los demandantes, estos han incumplido con su entrega. Por tal razón solicitó al foro primario que prohibiera a la parte demandante de utilizar esta prueba pericial en el juicio.

[13] *Id.* págs. 84-87.
[14] *Id*, págs. 88-91.
[15] *Id.* págs. 94-95.
[16] *Id.* págs. 92-93.
[17] SUMAC, Entrada 146, Caso núm. YU2021CV00249.

Así las cosas, el 14 de enero de 2025, el Tribunal de Primera Instancia emitió una *Orden* en la cual le concedió a la parte demandante un término final e improrrogable de veinte (20) días para que entregara a la parte demandada el informe pericial sobre la inspección.[18] Apercibió, del mismo modo, a la parte demandante de que si no cumplía con lo ordenado estaría impedido de utilizar la referida prueba pericial en el juicio.

El 4 de febrero de 2025, la parte demandante presentó una *Moción en solicitud de prórroga*.[19] En el referido escrito, adujo que no pudo cumplir con presentar el informe pericial en el periodo concedido por el Tribunal, pues todavía la representación legal anterior no le ha hecho llegar el informe solicitado por la parte demandada. De la misma forma, alegó que han estado atendiendo una situación familiar inesperada y apremiante, por lo que solicitó al foro primario el término de veinte (20) días para cumplir con la presentación del referido informe. En respuesta, el mismo día que la presentación del escrito de la parte demandante, la parte demandada presentó una *Moción en oposición a prórroga*.[20] En la referida moción, solicitó al Tribunal de Primera Instancia que excluyera toda prueba pericial en este caso pues la presentación del escrito de la parte demandante fue tardía.

Finalmente, el 4 de febrero de 2025, el Tribunal de Primera Instancia emitió una *Resolución* en la cual le concedió a la parte demandante los veinte (20) días para entregar el informe pericial.[21] Mientras que emitió otra *Resolución* declarando no ha lugar a la moción presentada por la parte demandada.[22]

Inconforme, la parte peticionaria acudió ante nosotros mediante una *Petición de Certiorari* en la cual señala la comisión del siguiente error:

Erró el TPI e incurrió en abuso de discreción, al conceder otro término adicional, aun cuando su propia orden

---

[18] SUMAC, Entrada 147, Caso núm. YU2021CV00249; Apéndice de *Petición de Certiorari*, *pág.* 101
[19] Apéndice de *Petición de Certiorari*, págs. 102-103.
[20] *Id.* págs.104-108.
[21] *Id.* pág.111.
[22] *Id.* págs. 109-110.

establecía que era final e improrrogable, refrendando así la dejadez, falta de diligencia e incumplimiento de la parte demandante, aun cuando la parte demandante compareció tardíamente y no acreditó una justa causa válida en derecho.

El 19 de febrero de 2025, emitimos una *Resolución* en la cual le concedimos a la parte recurrida hasta el 5 de marzo del mismo año para presentar su posición. Pasado el término concedido, procedemos a resolver sin su comparecencia.

**II**

El auto de *certiorari* es un vehículo procesal extraordinario que le brinda autoridad a un tribunal de mayor jerarquía para revisar las determinaciones de un tribunal inferior. *Rivera et al v. Arcos Dorados et al,* 212 DPR 194(2023) que cita a: *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012). Aunque se trata de un recurso discrecional, existen unos parámetros que sirven de guía al momento de decidir si debemos, como foro revisador, expedir o denegar el auto. *IG Builders v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1). En específico, la Regla 52.1 dispone lo siguiente:

> […]
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o **de la denegatoria de una moción de carácter dispositivo.** No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. **Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.** […] (Énfasis nuestro.)

Conforme a lo dispuesto en la anterior disposición legal y la jurisprudencia interpretativa, nos corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari*. Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que analizar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de una de las materias específicas establecidas en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué supuestos se podrá expedir el auto de *certiorari*. En aquellos escenarios, en los que la materia no esté comprendida dentro de la citada regla, el tribunal revisor debe negarse a expedir el auto de *certiorari*.

Así las cosas, el primer examen al que debemos someter todo recurso de *certiorari* para determinar si debemos expedirlo es que debe tratar sobre alguna de las materias especificadas en la citada Regla 52.1 de Procedimiento Civil, *supra*. Este examen es mayormente objetivo. Por esto, se ha señalado que "los litigantes deben abstenerse de presentar recursos de *certiorari* para revisar órdenes y resoluciones de asuntos que no estén cobijados bajo las disposiciones de la Regla 52.1". Hernández Colón, *Derecho Procesal Civil*, 5ta ed., LexisNexis, San Juan, 2010, pág. 476.

Superada esta etapa, corresponde analizar si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari*. A esos fines, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Es decir, de acuerdo con lo dispuesto en la citada Regla 40, *supra*, debemos evaluar "tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada, a los fines de determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio." *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008) que cita a *Negrón v. Srio. de Justicia*, 154 DPR 79 (2001). Así pues, la discreción judicial "no se da en un vacío ni en ausencia de otros parámetros",[23] sino que como Tribunal revisor debemos ceñirnos a los criterios antes citados. Si luego de evaluar los referidos criterios, este tribunal decide no expedir el recurso, podemos fundamentar nuestra determinación, mas no tenemos la obligación de así hacerlo.[24]

**III**

La parte peticionaria nos plantea que erró el Tribunal de Primea Instancia e incurrió en abuso de discreción al conceder otro término adicional a la parte recurrida, aun cuando su propia orden establecía que era final e improrrogable, refrendando así la dejadez, falta de diligencia e incumplimiento de la parte recurrida, incluso cuando esta compareció de manera tardía y no acreditó justa causa.

Tras evaluar los criterios de la Regla 52.1 de Procedimiento Civil, supra, y de la Regla 40 de este Tribunal, *supra*, resolvemos que no existe razón alguna para ejercer nuestra discreción en el caso ante nuestra consideración. Somos del criterio que no se justifica nuestra intervención

---

[23] *IG Builders et al v. BBVAPR*, *supra* que cita a *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011).
[24] 32 LPRA Ap. V, R. 52.1.

en esta etapa del procedimiento, por tal razón procedemos a denegar la expedición del recurso de c*ertiorari* para que continúen los procedimientos conforme al manejo del caso por el Tribunal de Primera Instancia.

**IV**

Por lo antes expuesto, denegamos expedir el auto de *certiorari*.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones